IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-591-FL-1
NO. 5:16-CR-251-FL-3

| | | |
|---|---|---|
| BOBBY RAY WILLIAMS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 435) and respondent's motion to dismiss (DE 442). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II ("Judge Numbers") entered a memorandum and recommendation ("M&R") (DE 102), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R, and respondent filed a response to the objection. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's § 2255 motion, and grants respondent's motion.

## BACKGROUND

Petitioner pleaded guilty on May 16, 2017, pursuant to a written plea agreement, to sex trafficking of a minor and aiding and abetting, in violation of 18 U.S.C. § 1591. The court sentenced petitioner, on April 4, 2018, to a term of imprisonment of 180 months, leaving the issue of restitution pending. Petitioner did not appeal. On August 3, 2018, the court entered a consent

order for restitution and an amended judgment including restitution in the amount of $190,000.00, jointly and severally with co-defendants William Maurice Saddler and Temeeka Neshaune Honey.

Petitioner filed the instant motion to vacate on December 17, 2018, asserting claims based upon prosecutorial vindictiveness and ineffective assistance of counsel. The government filed the instant motion to dismiss on February 27, 2019. United States Magistrate Judge James E. Gates ("Judge Gates") held an evidentiary hearing on the factual issue of whether trial counsel failed to file an appeal at petitioner's request, on April 30, 2019. The parties filed supplemental memoranda in June 2019. Following retirement of Judge Gates, the court referred the matter to Judge Numbers, who entered a M&R on July 2, 2020, including factual findings and recommendation to deny petitioner's motion, grant the government's motion, and to dismiss defendant's claim that his counsel failed to file an appeal at petitioner's request.

Defendant timely filed objections and the government replied.

## DISCUSSION

A.     Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.     Analysis

Petitioner raises specific objections to the determination in the M&R that petitioner's counsel did not ignore an instruction to appeal, and that petitioner failed to state a claim for ineffective assistance of counsel. Upon de novo review of the claims subject of petitioner's objections, the court overrules the objections and adopts the findings and recommendation in the M&R.[1] The court writes separately to address issues raised in petitioner's objections.

1.     Appeal

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Further, "where [a] defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding." United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) (quoting Roe, 528

---

[1]     In addition, finding no clear error in the determination in the M&R regarding petitioner's remaining claims, to which petitioner does not raise specific objection, the court adopts the analysis of the M&R as to those claims.

3

U.S. at 483).  On the other hand, "a defendant who explicitly tells his attorney <u>not</u> to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." <u>Roe</u>, 528 U.S. at 477 (emphasis in original).

In addition, an attorney must consult with a defendant about an appeal if "there is reason to think . . . that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)," or "that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." <u>Id.</u> at 480. Once the duty arises, the attorney must "advis[e] the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." <u>Id.</u> at 478. After doing so, an attorney's "failure to file an appeal is deficient only if it contradicts the defendant's instruction to appeal." <u>Hudson v. Hunt</u>, 235 F.3d 892, 896 (4th Cir. 2000).

Here, the magistrate judge correctly determined based upon the testimony at evidentiary hearing that defendant did not unequivocally instruct counsel to file an appeal, and that counsel properly advised defendant about the advantages and disadvantages of taking an appeal, while making a reasonable effort to discovery defendant's wishes.  Accordingly, counsel's performance was not deficient in failing to file a notice of appeal.

In his objections, petitioner argues that contrary to the findings in the M&R, petitioner did instruct his counsel, Mr. Geoffrey R. Willis ("Willis"), to file an appeal.  Petitioner cites to his testimony at evidentiary hearing that he instructed Willis to file an appeal immediately after sentencing, and that he and his friend called Willis's office on two or three occasions in subsequent weeks.  However, petitioner's testimony was contradicted by counsel's testimony, and petitioner's testimony was less credible that counsel's testimony on the issue presented for multiple reasons, including context, experience of counsel, and corroborating evidence in the record.

4

In sum, defendant has not met his burden of showing by a preponderance of the evidence that counsel was deficient by failing to file a notice of appeal, where the record reflects that counsel advised defendant of the advantages and disadvantages of an appeal, and defendant did not instruct counsel to file an appeal.

2.        Assistance of Counsel

Analysis of an ineffective assistance of counsel claim requires application of the two-part test established by Strickland v. Washington, 466 U.S. 668, 690-94 (1984). First, the petitioner must show that his counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-691. Second, the petitioner must show that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. Id. at 694.

Petitioner objects to the recommendation in the M&R to dismiss petitioner's ineffective assistance counsel claims as conclusory. Petitioner cites to his testimony at evidentiary hearing that he thought counsel was going to advance arguments objecting to sentencing enhancements at sentencing, and that he was not informed about mandatory restitution prior to sentencing. Petitioner, however, has not demonstrated that counsel's "strategic choices" regarding which arguments to advance at sentencing, and after sentencing on restitution, fell "outside the wide range of professionally competent assistance," id. at 690-91, in light of the circumstances of this case, most notably the government's motion at sentencing and the arguments raised in petitioner's sentencing memorandum. (See DE 312 and sealed DE 315).

Moreover, petitioner has not demonstrated that but for counsel's errors, the result of the proceeding would have been different. Id. at 694. Indeed, had counsel engaged in actions as defendant now suggests, there is a reasonable probability that the court would have viewed

defendant's sentencing memorandum differently and arrived at a less favorable sentence for defendant, which strategic consideration credibly is reiterated by counsel through his testimony at evidentiary hearing.  (E.g., Tr. 33, 36-37).  Likewise, prior to entry of the consent order on restitution,[2] the government had sought a much more substantial amount of restitution, $497,900.05, in its motion for restitution, (DE 393), further demonstrating the more favorable outcome achieved through a consent order on restitution.

In sum, petitioner has failed to state a claim that counsel provided constitutionally ineffective assistance.

C.      Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).  After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R.  Petitioner's motion to vacate, set aside, or correct his sentence (DE 435) is DENIED, and respondent's motion to dismiss (DE 442) is GRANTED. Petitioner's claim that his counsel failed to file an appeal at petitioner's request is

---

[2]      Defendant suggests in his objections that he refused to sign the consent order on restitution.  The record reflects, however, that defendant in fact signed the consent order on restitution on August 2, 2018.  (DE 396 at 2).

6

DISMISSED.  A certificate of appealability is DENIED.  The clerk is DIRECTED is close this case.

SO ORDERED, this the 4th day of November, 2020.

LOUISE W. FLANAGAN
United States District Judge